UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DARREL LeDee | CIVIL ACTION NO. 14-96 |
| VERSUS | U.S. DISTRICT JUDGE DRELL |
| DANIEL MORR, et al | U.S. MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion by plaintiff for a temporary restraining order [**Doc. #33**]. Plaintiff seeks an order requiring the defendants to protect him from injury by other inmates. Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b)   A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

In order for plaintiff to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not disserve the public interest. Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981).

In the instant case, plaintiff has failed to meet the requirements set forth above.  The facts

alleged do not appear by affidavit and the motion is not verified by petitioner.

Nevertheless, it appears from defendants' responses, docs 34, 35, and 36, that plaintiff's complaints have the attention of the institution and, specifically, of the food service director and are being addressed and monitored.

## Conclusion

Therefore, for the foregoing reasons, IT IS RECOMMENDED that plaintiff's request for temporary restraining order [**Doc. #33**] be DENIED.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. .  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  No other briefs  (such as  supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a  final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT**

**JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 11th day of February, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE