U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 1 1 2015

TONY R. MOORE, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DARREL GRANT LEDEE,<br>    Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. 14-CV-00096 |
| VERSUS | |
| DAVID MORR, et al.,<br>    Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

<u>MEMORANDUM ORDER</u>

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Darrel Grant LeDee ("LeDee") on January 16, 2014 (Doc. 1) and amended on June 18, 2014 (Doc. 13). The remaining named defendants are Patricia Thomas ("Thomas") (the medical director at Winn Correctional Center ("WCC") in Winnfield, Louisiana), Corrections Corporation of America ("CCA") (operator of WCC), and Trinity Service Group, Inc. ("Trinity") (the food service provider at WCC, incorrectly named in the complaint as "Canteen Food Services").

LeDee alleges that, while he was incarcerated in WCC, he was denied medical care and appropriate food for his anemia, malnutrition, severe weight loss, and Crohn's Disease. LeDee contends he weighed 155 pounds when he entered WCC, but now weighs only 117 pounds. LeDee contends that a high calorie diet was prescribed for him by the medical department, but Trinity and its

employees refused to provide LeDee with the prescribed diet, Thomas cancelled the diet plan, and CCA refused to authorize LeDee's special diet. For relief, LeDee asks for a jury trial and monetary damages (including punitive).

Trinity filed a motion to dismiss for failure to state a claim on which relief may be granted, pursuant to Fed.R.Civ.P. rule 12(b)(6), accompanied by affidavits, uncertified medical records, and uncertified policy and operational statements for CCA (Doc.48).

The Court cannot consider extrinsic evidence in ruling on a 12(b)(6) motion. <u>Baker v. Putnal</u>, 75 F.3d 190, 196 (5th Cir. 1996). If it does so, it converts the motion into one for summary judgment under Federal Rule 56, requiring notice and the opportunity to present evidence. See Fed.R.Civ.P. 12(b).

Accordingly, Trinity's motion to dismiss (Doc.48) is actually a motion for summary judgment.[1]

The **Clerk of Court is DIRECTED** to file a notice of motion setting as to Trinity's motion for summary judgment.

**Trinity is ORDERED** to file an answer **within TEN (10) days of the date of this order**.

Trinity's motion for summary judgment will be considered after its answer is filed and all appropriate delays for responses have run.

---

[1] Trinity's motion for summary judgment was filed after the delay for discovery (see Doc. 15) had run.

THUS DONE AND SIGNED in Alexandria, Louisiana on this 8th day of May 2015.

                                        JAMES D. KIRK
                            UNITED STATES MAGISTRATE JUDGE