RECEIVED
SEP 2 9 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DARREL LEDEE #326719 | CIVIL ACTION NO. 1:14-0096 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| DAVID MORR, ET AL | MAG. JUDGE KIRK |

### MEMORANDUM RULING AND JUDGMENT

Plaintiff, Grant LeDee, is a prisoner at Winn Correctional Center ("WCC"). In his complaint, LeDee complains he was denied medical care and appropriate food for his anemia, malnutrition, severe weight loss and Crohn's disease. On August 18, 2015, the Magistrate Judge issued a Report and Recommendation[1] in response to a motion for summary judgment filed by defendant, Trinity Service Group ("Trinity"),[2][3] and a motion for summary judgment filed by Corrections Corporation of America ("CCA").[4] The Magistrate Judge recommended that Trinity's motion be granted, dismissing this defendant from the lawsuit; the Magistrate Judge recommended that CCA's motion be denied. Because defendant, Pat Thomas, who was the former medical director at WCC, has not been served,[5] the Magistrate Judge recommended that she be dismissed without prejudice. Pursuant to 28 U.S.C. § 636(b)(1)(c), the parties were granted 14 days to file written objections to the report and recommendation. CCA is the only party that filed objections which will be addressed hereinafter.

---

[1] R. #82.
[2] Trinity filed a motion to dismiss which was actually a motion for summary judgment. R. #48, 65, 73.
[3] Trinity is the food service provider at WCC.
[4] R. # 73 and 74.
[5] Ms. Thomas is no longer employed at WCC.

1

The basis for CCA's objections is that the report appears to be contradictory. CCA complains that in his Report and Recommendation, the Magistrate Judge concluded that CCA had conceded that LeDee had a serious medical need for the special diet. CCA relies on a comment in the record where it was questioned as to whether or not LeDee had a serious medical need for the special nutrition diet. CCA also objects to the Report's indication that there was a question as to whether LeDee received the prescribed diets and booster shakes that were repeatedly prescribed by the WCC physician. CCA complains that there appears to be a discrepancy in the Report's conclusion as to whether the diet had been made available to LeDee. The report appears to conclude that; (a) CCA was responsible for the prescription, and thereafter; (b) Trinity was responsible for providing the food in accordance with that prescription, and that (c) Trinity made the food available to LeDee in accordance with the prescriptions (thus, the Magistrate Judge concluded that Trinity could not be held liable), and finally, (d) the report questions whether LeDee received the prescribed diets and booster shakes. Specifically, CCA objects to the Report's conclusion that the record does not indicate whether LeDee had access to the prescribed food during the relevant time periods, and that LeDee was not prescribed the diet until Dr. Hegman's approval on February 13, 2012. CCA contends that this last finding contradicts the other conclusions in the report.

The Magistrate Judge relied on plaintiff's medical records (filed under seal) to outline when LeDee was prescribed a nutrition support diet. One of the medical records notes that

even though LeDee was prescribed the nutrition support diet, on one occasion he was told that it had to be approved by CCA and was waiting on that approval.[6]

The Magistrate Judge determined that as to defendant, Trinity, there was no genuine issue of material fact for trial; LeDee offered no evidence to show that Trinity had any control over prescribing or approving special diets for inmates. Trinity prepared the meals in accordance with his prescribed diet; Boost or Ensure shakes were not distributed by Trinity, but by the medical staff at WCC. The record demonstrates that it is up to the inmate to inform the tray line supervisor that he had a restricted diet, which would be confirmed by the Trinity supervisor on a "diet roster," and then be provided to the inmate.[7] The Magistrate Judge concluded that LeDee failed to submit any evidence that Trinity refused to give LeDee the special diet trays during the relevant time period for which he was on the roster to receive the special diets. The Magistrate Judge further concluded that Trinity could not be liable under 42 U.S.C. § 1983 in a supervisory capacity for the mistakes or misdeeds of its employees. The undersigned agrees with the Magistrate Judge as to Trinity and affirms its dismissal.

As to CCA, the Magistrate Judge concluded that it is unclear in the record as to whether LeDee was still prescribed the nutrition support diet and is receiving those meals. In his affidavit, LeDee attests that on February 28, 2015, he was placed in lockdown and Warden Nicole Walker cancelled LeDee's special diets. Thus, there are genuine issues of material fact for trial as to whether CCA ignored or refused to provide the special diets prescribed for LeDee by Dr. Kuplesky. Even though there seemingly appears to be inconsistencies in the record, the

---

[6] Defendants' exhibit 1, p. 5/450, R. #30
[7] Defendants' exhibit 4. R. #48.

3

undersigned has reviewed the voluminous medical records and notes that the records create the inconsistency. Be that as it may, the undersigned agrees with the ultimate conclusion of the Magistrate Judge that the motion for summary judgment filed by CCA should be denied because there are genuine issues of material fact for trial; however, the court notes that nothing in the record addresses the issue as to whether or not the plaintiff will be able to demonstrate any injury or damage, assuming that plaintiff in fact can establish by a preponderance of the evidence that he was deprived of the prescribed additional nutrients. In the interest of judicial economy, the court will order defendant, CCA to address this issue by way of summary judgment within 60 days of this date.

The undersigned further agrees with the Magistrate Judge that defendant, Patricia Thomas, should be dismissed for failure to effect service. Accordingly, for the reasons stated by the Magistrate Judge in the Report and Recommendation previously filed herein, after an independent review of the record, a *de novo* determination of the issues, considering the objections filed, and having determined that the findings are correct under applicable law, it is

**ORDERED, ADJUDGED AND DECREED** that the complaint against Patricia Thomas is hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Trinity's motion for summary judgment (R. #48) is hereby **GRANTED** and that plaintiff's action against Trinity Service Group is hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Corrections Corporation of America's motion for summary judgment is hereby **DENIED.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendant, CCA, address by way of summary judgment, the issue of damages no later than 60 days from the date of this judgment.

**THUS DONE AND SIGNED** in chambers on this 29th day of September, 2015.

*[signature]*
JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT