RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 4/14/16
BY MB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DARREL LEDEE | CIVIL ACTION NO. 1:14-0096 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| DAVID MORR, ET AL | MAG. JUDGE PEREZ-MONTES |

## MEMORANDUM RULING

Before the court is a Report and Recommendation (R. #94) regarding a motion for summary judgment (R. #91) filed by defendant, Correction Corporations of America ("CCA"). Plaintiff, Darrel LeDee alleges in his complaint that CCA failed to prescribe and/or provide him with a specific "Nutrition Support Diet," and related shakes. From December 2005 until November 2014, the medical records reveal that plaintiff's weight, with an average height of 5' 11,"[1] fluctuated from a low of 122.6 to a high of 155 pounds; plaintiff's BMI ranged from 17 to 19.4.

In its motion for summary judgment, CCA directs the court to the www.nhlbi.nih.gov website which provides that a five foot-eleven inch tall man weighing 200 pounds would have a body mass index of 27.9 and be considered overweight. The same man with a weight of 127 pounds would have a body mass index of 17.7 and be considered "underweight." The "normal weight" for this man would be about 133 pounds to 178.5 pounds (BMI of 18.5 to 24.9).

---

[1] Plaintiff was measured at different times at 5' 10", 5' 11" and 6'.

1

CCA points out that although the records reveal that LeDee's weight dropped into the "underweight" category several times after 2009, the records do not indicate any significant medical problems either caused or made worse by his weight loss, and LeDee has not provided any evidence of such significant medical problems.

In his report, Magistrate Judge Perez-Montez remarks that the medical records reveal that plaintiff, Darrel LeDee has been "underweight since 2012, despite having been prescribed 'nutrition support diets' since at least 2009."[2] Magistrate Judge Perez-Montes concludes that "[s]ince there are no genuine issues of material fact as to whether LeDee lost weight and was chronically underweight since at least 2012, CCA's motion for summary judgment on the issue of injury (Doc. 91) should be denied."[3]

The undersigned disagrees; plaintiff has failed to establish any injury, which is fatal to his claim. Furthermore, plaintiff has failed to establish that CCA has deprived plaintiff of the minimal measure of life's necessities. And even considering plaintiff's weight loss, plaintiff has failed to prove more than *de minimus* injury.

The Eighth Amendment requires that inmates be provided "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'"[4] "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's

---

[2] R. #94, p. 10.
[3] R. #94, p. 11.
[4] Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999), citing Green v. Ferrell, 801 F.2d 765, 770 (5th Cir. 1986).

2

necessities.'"[5] "Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation."[6]

Plaintiff has failed to provide any summary judgment evidence to establish that he was deprived of food in an amount and duration that would constitute a deprivation. In fact, CCA has provided ample evidence that plaintiff was offered three meals a day with enhanced item portions and an after dinner snack,[7] along with nutritional shakes to boost his daily caloric intake.[8] This court concludes that plaintiff has failed to create a genuine issue of material fact for trial that CCA was deliberately indifferent to plaintiff's medical needs through the restricted nutritional diet that was recommended and administered to plaintiff.

## CONCLUSION

For the reasons set forth above, the court will not adopt the Report and Recommendation and will grant CCA's motion for summary judgment dismissing with prejudice plaintiff's claims against this defendant.

**THUS DONE AND SIGNED** in chambers on this 14th day of April, 2016.

JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT COURT

---

[5] Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998)(quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991).
[6] Id.
[7] R. #48-3, Affidavit of Laurie LcClair, ¶ 7; R. #48-4, affidavit of Benjamin Sweat, ¶ 9.
[8] R. #30, ex. 1, pp. 269-270, 274, 275, 333/450.